David A. DARBY, Plaintiff–Appellant,

v.

Hanif CHOHAN; et al., Defendants–Appellees.

No. 15-35141

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 7, 2016

---

*See* Fed. R. App. P. 34(a)(2). Thus, Grundstein's request for oral argument, set forth in his opening and reply briefs, is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**356**

David A. Darby, Pro Se.

Taylor Ross Hallvik, Deputy Prosecuting Attorney, Clark County Prosecuting Attorney's Office, Vancouver, WA, for Defendants–Appellees.

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

MEMORANDUM **

David A. Darby appeals pro se from the district court's judgment dismissing his quiet title action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000). We affirm.

The district court properly dismissed Darby's action for lack of subject matter jurisdiction because Darby failed to allege any violation of federal law or diversity of citizenship in his complaint. *See* 28 U.S.C. §§ 1331, 1332(a); *see also Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) ("Federal land patents ... do not provide [a basis] for federal question jurisdiction."); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181–83 (9th Cir. 2004) (addressing diversity of citizenship under § 1332).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Darby's contentions that the district court violated his due process rights are unpersuasive.

To the extent Darby's September 18, 2015, filing is directed to the court, it is denied.

**AFFIRMED.**